# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

GARY W. MORRISON                                                               PLAINTIFF

v.                              CASE NO. 3:17-CV-00144 BSM

MC EXPRESS LLC, et al.                                           DEFENDANTS

## ORDER

Defendants' motion to dismiss the second amended complaint [Doc. No. 24] is denied as to the breach of contract claim and granted as to the breach of fiduciary duty claim. Defendants' motion to dismiss the first amended complaint [Doc. No. 5] is denied as moot.

## I. BACKGROUND

This lawsuit arises out of an alleged breach of a stock transfer agreement. Plaintiff Gary Morrison claims that defendants breached an implied term in the parties' contract and violated certain fiduciary duties owed to Morrison. The facts, as alleged in the second amended complaint, are as follows:

In the late 1980s or early 1990s, defendant Chuck Mitchell started a trucking business, defendant MC Express, Inc. ("MC Express"). Because MC Express was a relatively new company without proven on-time rates or safety records, Mitchell turned to Morrison for assistance in obtaining shippers. Morrison agreed to help Mitchell and MC Express in exchange for commission-based compensation and stock in MC Express.

Morrison and Mitchell executed a stock transfer agreement on March 29, 2002. The contract required Mitchell to transfer 10% of the "stock equity" of MC Express to Morrison

upon "the removal of Chuck Mitchell's personal liability by the holders of the debts owed by MC Express, Inc." Despite the fact that the stock had not yet changed hands, Morrison considered himself to be a "current and/or future part-owner" of MC Express. With Mitchell's knowledge and consent, Morrison held himself out to prospective shippers as a "minority owner" of MC Express.

For over ten years, the stock did not transfer under the terms of the agreement. Then, on November 28, 2012, and without Morrison's knowledge, Mitchell changed the name of MC Express to "MC Express Leasing" and founded a new Arkansas limited liability company called MC Express, LLC. Mitchell proceeded to transfer many of MC Express Leasing's assets to Express LLC. This diminished the value of MC Express Leasing and left it undercapitalized. In December 2016, Mitchell informed Morrison that because Mitchell never signed a personal guaranty for MC Express's bank debt, Morrison would never be entitled to 10% of MC Express Leasing's stock.

Morrison alleges that Mitchell breached the stock transfer agreement and violated fiduciary duties owed to Morrison as a minority shareholder. Mitchell, however, argues that the removal of his personal liability on the debts owed by MC Express is a condition precedent to the transfer of Morrison's stock. As that condition has not yet been satisfied, there has been no breach of the stock transfer agreement. Moreover, Mitchell asserts that because Morrison's stock has not yet been transferred, Mitchell owes him no fiduciary duties.

Defendants now move to dismiss.

## II. LEGAL STANDARD

Rule 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, a complaint must allege sufficient facts to entitle the plaintiff to the relief sought. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *Bell Atl. Corp. v. Twombly*, 55 U.S. 544 (2007). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Iqbal*, 556 U.S. at 663. In ruling on a motion to dismiss, all well plead allegations in the complaint must be accepted as true and construed in the light most favorable to the plaintiff. *Id.*

## III. DISCUSSION

The motion to dismiss the breach of contract claim is denied because Morrison has sufficiently stated a claim. The motion to dismiss the fiduciary duty claim is granted because Morrison has failed to plead that he was an actual shareholder of MC Express (now MC Express Leasing) to whom Mitchell owed a fiduciary duty.

A. Breach of Contract

Defendants' motion to dismiss is denied with respect to the breach of contract claim. The parties' stock transfer agreement states that the "stock transfer will take place no later than 30 days following the removal of Chuck Mitchell's personal liability by the holders of the debts owed by MC Express, Inc." The complaint further alleges that Mitchell informed Morrison that the stock transfer would never occur because Mitchell never signed a personal guaranty for MC Express's bank debt. Given, however, that Mitchell never allegedly signed

a guaranty on MC Express's bank loan nor had any other personal liability on the corporation's debt, the condition precedent has arguably been satisfied. Accordingly, Morrison asserts that the stock is due to be transferred to him under the terms of the contract. Thus, Morrison has stated a plausible claim for breach of contract.

Moreover, Morrison has sufficiently pled a breach of Mitchell's implied obligation to take no action to prevent, hinder, or delay performance. Morrison complains that Mitchell has broken an "implied term" of the contract preventing him from drawing down the assets of MC Express, transferring those assets to his wholly owned company, and leaving MC Express undercapitalized before Morrison's stock interest fully vests.

While there is no "separate tort cause of action for breach of [the] implied covenants of good faith and fair dealing," the law imposes "an implied obligation not to do anything that would prevent, hinder, or delay performance." *West Memphis Adolescent Residential, LLC v. Compton*, 374 S.W.3d 922, 925, 927 (Ark. Ct. App. 2010) (citations omitted); *see also Cantrell-Waind & Associates, Inc. v. Guillaume Motorsports, Inc.*, 968 S.W.2d 72, 74–75 (Ark. Ct. App. 1998).

Mitchell, who allegedly was not personally liable for MC Express's loans, was arguably required to perform under the terms of the contract. Despite this requirement, it is alleged that he diminished the value of MC Express by drawing down its assets and transferring them to another entity, seemingly to retain all of the equity in the business. Morrison, however, presumably did not enter into an arrangement to receive stock in an undercapitalized and pilfered corporation. Therefore, Morrison has sufficiently pled that

4

Mitchell breached his implied obligation to refrain from preventing, hindering, or delaying performance. Finally, even if Mitchell was still personally liable for the company's debts, the facts, as pled, still suggest a breach of this implied obligation. For the reasons discussed above, it stands to reason that Mitchell cannot, in good faith, transfer assets out of the corporation solely to shield them from Morrison's future equity position.

B. Breach of Fiduciary Duty

Defendants' motion to dismiss is granted with respect to the breach of fiduciary duty claim. It is alleged that Mitchell, as a director and majority shareholder of MC Express, breached his fiduciary duties of care and loyalty owed to Morrison, as a future shareholder, when Mitchell drew down the corporate assets of MC Express and transferred them to MC Express LLC, Mitchell's wholly owned company.

It is well-established that directors and officers of corporations owe fiduciary duties of care and loyalty to shareholders. Ark. Code Ann. §4-27-830; *see also Long v. Lampton*, 922 S.W.2d 692, 696–97 (Ark. 1996). "In the search for inherent fairness and good faith to a corporation and shareholders, conduct of directors must be subjected to 'rigorous scrutiny' when conflicting self-interest is shown." *Long*, 922 S.W.2d at 697 (citing *Hall v. Staha*, 858 S.W.2d 672 (Ark. 1993)). Moreover, "[a] person standing in a fiduciary relationship with another is subject to liability to the other for harm resulting from a breach of the duty imposed by the relationship." *Id.* at 696–97 (citing *Cherepski v. Walker*, 913 S.W.2d 761 (Ark. 1996)).

Fiduciary duties, however, are only owed to present shareholders, not speculative nor

5

future shareholders. There is no authority in Arkansas for the proposition that a fiduciary duty is owed to an individual who has a contractual right to a percentage of stock that vests on a future date. Moreover, other jurisdictions have held that option holders, warrant holders, and future shareholders are not owed fiduciary duties by corporate directors, officers, or controlling majority shareholders. *See, e.g.*, *Feldman v. Cutaia*, Civ. A. No. 1656-N., 2006 WL 920420, at *6 & n. 37 (Del. Ch. Apr. 5, 2016) ("The Delaware Supreme Court has consistently held that directors do not owe fiduciary duties to future stockholders.")(citing *Simons v. Cogan*, 549 A.2d 300, 303 (Del. 1988)). Rather, holders of such rights must seek contract or tort remedies if they are aggrieved by the actions of corporate directors and officers. *Corporate Property Associates 14 Inc. v. CHR Holding Corp.*, C.A. No. 3231-VCS, 2008 WL 963048, at *4 & n. 29 (Del. Ch. Apr. 10, 2008).

Therefore, notwithstanding Morrison's arguments that he held himself out to others as a minority shareholder of MC Express and had a contractual right to 10% of MC Express's stock, he is not yet a shareholder of MC Express. Accordingly, Mitchell does not owe Morrison any fiduciary duties.

## IV. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss the second amended complaint [Doc. No. 24] is denied as to the breach of contract claim and granted as to the breach of fiduciary duty claim. Defendants' motion to dismiss the first amended complaint [Doc. No. 5] is denied as moot.

IT IS SO ORDERED this 9th day of January 2018.

_____
UNITED STATES DISTRICT JUDGE